UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MAP PHIN,
    Petitioner,

vs.

U.S. ATTORNEY GENERAL, et al.,
    Respondents.

Case No. 1:17-cv-200

Barrett, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

This habeas corpus action brought pro se pursuant to 28 U.S.C. § 2241 is before the Court on respondents' motion to dismiss for lack of jurisdiction, to which petitioner has not responded. (Doc. 5). For the reasons stated below, it is recommended that the motion be granted.

On March 27, 2017 petitioner initiated this action for a petition for a writ of habeas corpus. Petitioner challenges his continued detention by the United States Immigration and Customs Enforcement Agency (ICE) pursuant to a removal order. (Doc. 1). Petitioner was taken into ICE custody on or about August 8, 2016. Petitioner argues that his continued detention is unlawful because he has been detained for more than six months with no significant likelihood of his actual removal, in violation of *Zadvydas v. Davis*, 553 U.S. 678 (2001).[1] (*See* Doc. 1 at PageID 6–8). Petitioner seeks immediate release from custody. (*Id.* at PageID 8).

On May 16, 2017, respondents filed a motion to dismiss this action for lack of jurisdiction. (Doc. 5). According to respondents, petitioner has been removed from the United States. In support of the motion, respondents include a copy of a Warrant of Removal/Deportation. (*Id.* at Ex. A). The document indicates that petitioner was removed from

---

[1] In *Zadvydas*, the Supreme Court held that indefinite detention of an alien who has been ordered removed was not authorized by 8 U.S.C. § 1231(a) and created a presumptive rule that after six months of custody an alien should be released if there is "good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

the United States by plane on April 18, 2017 from Mesa, Arizona. (*Id.* at PageID 27). The warrant is signed by Terry A. Stevens, a Detention and Deportation Officer who witnessed petitioner's departure. (*See id.*). In light of petitioner's release from custody, respondents contend that the petition should be dismissed for lack of jurisdiction.

Respondents' motion should be granted. Article III, § 2 of the United States Constitution limits the federal judicial power to the adjudication of cases and controversies. In the context of a habeas corpus petition, a district court generally lacks jurisdiction over the petition if the petitioner is not in government custody. Therefore, except in limited circumstances not applicable to the case-at-hand,[2] a petitioner's release from custody generally moots a habeas petition. *See Lane v. Williams*, 455 U.S. 624, 631–32 (1982).

Petitioner does not challenge his removal order in this case. He instead contests his indefinite detention pending removal. (*See* Doc. 1). In these circumstances, petitioner's April 18, 2017 removal renders this action moot and deprives the Court of jurisdiction. *See Novikova v. Prendes*, Case No. 3:06-cv-0039, 2006 WL 1424255, at *2 (N.D. Texas May 24, 2006) (finding that the removal of a petitioner challenging her detention pending removal deprived the district court of jurisdiction to consider the habeas petition). *See also Kahn v. Attorney Gen.*, Case Nos. 1:15-cv-2014, 1:16-cv-85, 2016 WL 4004616, at *2 (N.D. Ohio May 17, 2016) ("As Petitioner has received his requested relief by being released from custody on an order of supervision, there is no longer an active case or controversy.") (Report and Recommendation), *adopted*, 2016 WL 4009885 (N.D. Ohio June 25, 2016); *Willix v. Holder*, No. 1:11-cv-894, 2012 WL 463830, at *1 (W.D. Mich. Jan 24, 2012) (finding habeas petition moot where petitioner seeking release pending removal is released pursuant to an order of supervision) (Report and

---

[2] Petitioner has not alleged nor is the undersigned aware of any basis to find that petitioner will suffer future collateral consequences as a result of the detention or that the case is "capable of repetition, yet evading review." *See Spencer v. Kemna*, 523 U.S. 1, 7–8, 17–18 (1998).

Recommendation), *adopted*, 2012 WL 463825 (W.D. Mich. Feb. 13, 2012); *Felix v. Bureau of Immigration and Customs Enforcement*, No. 3:05-cv-2211, 2007 WL 951452, at *1 (M.D. Pa. Mar. 27, 2007) ("When an alien subject to removal challenges only his detention pending removal, his release pending removal, whether or not conditional, entails no collateral consequences. It renders the petition moot because he has received all the relief he sought and would have been entitled to."). Therefore, because petitioner has been removed, the undersigned recommends that respondents' motion to dismiss (Doc. 5) be **GRANTED** and the petition be dismissed.

**IT IS SO RECOMMENDED.**

Date: 6/12/17

Karen L. Litkovitz
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

MAP PHIN,
    Petitioner,

vs.

U.S. ATTORNEY GENERAL, et al.,
    Respondents.

Case No. 1:17-cv-200

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).